## NATIONWIDE MUTUAL INS. CO. v. MABE

[342 N.C. 899 (1996)]

| | |
|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY, Plaintiff<br>v.<br>BRENDA KAY MABE, et al, Defendants<br><br>JESSE WILLARD SCOTT, JR., Individually, as the Parent of Lucinda Sue Scott, and as the Administrator of the Estate of Carolyn Mabe Scott, and LUCINDA SUE SCOTT, by her Guardian ad Litem, Anne Connolly, Third-Party Plaintiffs<br>v.<br>NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, Third-Party Defendant<br><br>BRENDA KAY MABE, ROGER LEE MABE, KIMBERLY HOPE MABE, a minor b/h/g/a/l S. MARK RABIL and HEATHER DORA MABE, a minor b/h/g/a/l GREGORY W. SCHIRO, Plaintiffs,<br>v.<br>ROBERT LEONARD GREGORY, and MARY ELIZABETH WILSON, Defendants<br><br>JESSE WILLARD SCOTT, JR., Individually as the parent of LUCINDA SUE SCOTT and as the Administrator of the Estate of Carolyn Mabe Scott, and LUCINDA SUE SCOTT, b/h/g/a/l ANNE CONNOLLY, Plaintiffs<br>v.<br>ROBERT LEONARD GREGORY, MARY ELIZABETH WILSON, and JODY RAY BULLINS, Defendants | ORDER |

No. 312PA94

(Filed 1 May 1996)

Upon consideration of the *amicus curiae* petition for rehearing the above-captioned action, the affidavit of counsel for appellant Lucinda Sue Scott, and third-party defendant North Carolina Farm Bureau Mutual Insurance Company's motion to strike affidavit, the following order is entered:

NATIONWIDE MUTUAL INS. CO. v. MABE

[342 N.C. 899 (1996)]

1. This Court's opinion in the above-captioned action as it appears in the advance sheets to the North Carolina Reports, 342 N.C. 482, 498, 467 S.E.2d 34, 43 (1995), is corrected by deleting the following sentence:

However, the language of this statute makes it clear that both inter- and intrapolicy stacking are available only when the coverage is nonfleet *and* the vehicle covered is of the private passenger type." *Aetna Cas. & Sur. Co.*, 105 N.C. App. at 567, 414 S.E.2d at 71.

and substituting the following sentence in lieu thereof:

"The language of this statute makes it clear that intra-policy stacking is only available when the coverage is nonfleet *and* the vehicle covered is of the private passenger type." *Aetna Cas. & Sur. Co.*, 105 N.C. App. at 567, 414 S.E.2d at 71.

Except as herein expressly allowed, the petition for rehearing is denied.

2. Third-party defendant North Carolina Farm Bureau Mutual Insurance Company's motion to strike affidavit is allowed.

By order of the Court in Conference, this the 1st day of May, 1996.

Orr, J.
For the Court